UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE RED, JR., ) | Case No.: 10-CV-04730-LHK |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION; |
| v. ) | DENYING MOTION TO APPOINT |
| ) | COUNSEL AS MOOT |
| KATHLEEN DICKINSON, Warden of the ) | |
| California Medical Facility, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner George Red, Jr., is a California state prisoner proceeding *pro se*. On October 20, 2010, he initiated this action by filing a petition for a writ of mandate ordering Respondent to recall Petitioner's sentence and recommend resentencing and providing other relief. Petitioner also moved for appointment of counsel. For the reasons set forth below, the Petition is DISMISSED, and Petitioner's motion for appointment of counsel is DENIED as moot.

**I. Legal Standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008). A district court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Under § 1915A, when

determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, courts must construe *pro se* pleadings liberally. *Id.*

## II. Discussion

Petitioner seeks a writ of mandate ordering the Warden of the California Medical Facility, where Petitioner is incarcerated, to recall Petitioner's sentence. Compl. at 1. The federal mandamus statute grants district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus jurisdiction exists when (1) a plaintiff has a clear right to relief; (2) a defendant has a duty to act that is "ministerial and so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir. 1982) (quoting *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir.1970)).

Here, the Court lacks subject matter jurisdiction over the Petition because Respondent is not "an officer or employee of the United States or any agency thereof," but rather an officer or employee of the state of California. 28 U.S.C. § 1361; s*ee also, e.g.*, *Williams v. Supreme Court of California*, No. C 10-3834, 2010 WL 4065409, at *1 (N.D. Cal. 2010); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (E.D. Cal. 1984). Because the Court lacks mandamus jurisdiction over a petition seeking to compel action by a state employee, the Court concludes that the Petition in this case fails to state a claim upon which relief may be granted. Petitioner's mandamus remedy, if any, lies in state court.[1]

## III. Conclusion

For the foregoing reasons, the Court DISMISSES the Petition pursuant to 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted. Additionally, the Court

---

[1] The Court notes, in addition, that to the extent Petitioner seeks to challenge the legality or duration of his confinement, a petition for habeas corpus brought in state court may be the proper mechanism for his challenge. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also People v. Picklesimer*, 48 Cal. 4th 330, 339, 226 P. 3d 348 (2010) (distinguishing a petition for habeas corpus, which may be filed by a prisoner still in custody, from a petition for writ of mandate, which may be filed by individuals released from custody).

1   DENIES as moot Petitioner's motion for appointment of counsel.  The clerk shall close the file and
2   terminate any pending motions.
3   **IT IS SO ORDERED.**
4
5   Dated: November 1, 2010                            _____
                                                       LUCY H. KOH
6                                                      United States District Judge

Case No.: 10-CV-04730-LHK
ORDER DISMISSING PETITION; DENYING MOTION TO APPOINT COUNSEL AS MOOT